UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ahmad Jamshid Abdul Jamil an individual; Ahmad Farhad Abdul Jamil an individual; and Ahmad Jawad Abdul Jamil,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Workforce Resources, LLC a California Corporation; Bristol Bay Native Corporation an Alaska Corporation; and DOES 1 through 50 inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 19-cv-00019-L-BGS<br><br>**ORDER RE: VENUE** |

On January 4, 2019, this action was removed to this Court by Defendants Workforce Resources, LLC ("Workforce") and Bristol Bay Native Corporation ("BBNC") (collectively "Defendants") from San Diego County Superior Court. (ECF No. 1.) Plaintiffs Ahmad Jamshid Abdul Jamil, Ahmad Farhad Abdul Jamil, and Ahmad Jawad Abdul Jamil (collectively "Plaintiffs") filed a complaint against their former employers alleging claims for unjust enrichment, wrongful termination in violation of public policy, intentional misrepresentation, negligent misrepresentation, negligent supervision, hiring or retention, violations of California Labor Code § 17200 *et seq.* and intentional infliction of

emotional distress. (ECF No. 1 at 13-32.) Defendants subsequently filed an answer. (ECF No. 2.)

On January 23, 2019, the Court issued an Order to Show Cause re: Venue (ECF No. 4) in which it directed the parties to address the propriety of venue in the Southern District of California as well as the factors for a convenience transfer under 28 U.S.C. § 1404(a). On February 8, 2019, Plaintiffs and Defendants filed a joint statement setting forth their respective positions regarding this issue. (ECF No. 5.) For the following reasons, the Court declines to transfer this case to the Central District of California.

**I. BACKGROUND**

Plaintiffs Ahmad Jamshid Abdul Jamil, Ahmad Farhad Abdul Jamil and Ahmad Jawad Abdul Jamil are natural persons who are residents of Orange County, California, in the Central District of California. According to Defendant's Notice of Removal, both Defendants are citizens of Alaska[1]. Defendant Workforce Resources, LLC formerly maintained an office in Oceanside, in the Southern District of California, but has since closed that office.

On January 4, 2019, Defendants filed a Notice of Removal to this Court. (ECF No. 1). On January 11, 2019, Defendants filed an Answer to the Complaint. (ECF No. 2)

The Plaintiffs allege in their Complaint that Defendants hired them as role players/cultural advisers to participate in military role-playing exercises known as "missions" in Virginia from March 11-23, 2017. They further assert in the Complaint and in their response to the Order to Show Cause that their communications with Defendant regarding the position took place over the phone with Defendant's scheduling manager, Weston Giannini, while they were residing in Orange County and Mr. Giannini was working out of Defendant's former office in Oceanside. Plaintiff's counsel states that plaintiffs never visited the Oceanside office before or during the period of employment at issue in this case. The Plaintiffs' claims in this case stem from a dispute about their

---

[1] Plaintiff's Complaint incorrectly states that Workforce Resources, LLC is a California corporation.

compensation which arose shortly after their arrival in Virginia on March 11, 2017.

**PARTIES' CONTENTIONS**

In Plaintiffs' response to the Order to Show Cause, they provide that at the time of filing, they mistakenly believed that Defendant Workforce Resources, LLC was still operating out of Oceanside, CA, but that the California Secretary of State website reflects that Workforce filed a Certificate of Dissolution on August 29, 2017. Despite the fact that Plaintiffs originally filed this case in San Diego County, they now seek a transfer to the Central District of California.

Applying the factors set forth in 28 U.S.C. § 1404(a) and *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), discussed further below, Plaintiffs argue that 1) they executed the relevant agreements while at their place of residence in Orange County because the agreements took place over the phone; 2) the Plaintiffs' choice of forum should be granted deference; 3) all three Plaintiffs will serve as witnesses, as well as two or three additional non-party witnesses who reside in the Central District[2], double the amount of Defendants' witnesses who reside in the Southern District; 3) this case could have been filed in the Central District based on Defendants' contact with the District; 4) the parties herein had minimal contacts with the Southern District as it relates to Plaintiffs' claims since they were offered employment over the phone while in the Central District and the alleged wrongful termination took place in Virginia; 5) Plaintiffs' costs will be higher to continue litigating this case in the Southern District due to travel expenses[3] while there will be no difference in Defendants' costs between the Southern and Central districts; 6) Plaintiffs' documents and proof are located in the Central District, and since Defendants closed their Oceanside office, it is likely that their documents have been reduced to electronic form; and 7) the three other class action cases pending against Defendants in this

---

[2] The Plaintiffs do not identify the names of their witnesses, their specific location or the nature of what their anticipated testimony will be and its relevance.

[3] Plaintiffs acknowledge that they are currently litigating another pending matter in this District, but they claim litigating another case here would double their financial burden.

District are independent of the claims in this case so consolidation would not be proper and judicial resources would not be conserved by remaining in this district.

In support of their opposition to a transfer to the Central District, Defendants argue that while venue may be transferred for the convenience of parties and witnesses in the interest of justice, an analysis of those factors weighs in favor of keeping the case in the Southern District. Defendants point out that this case is unique in that the Plaintiffs now desire a change in venue away from their original choice of forum, which is generally afforded great weight. Defendants argue that Plaintiffs' new choice of the Central District should not be given any deference because the rationale for the Plaintiff's choice of venue doctrine – that Plaintiff's original choice is presumptively convenient – is not present here. Defendants further point out that Plaintiffs alleged in their Verified Complaint that "the obligations and liability arose in the County of San Diego[4]."

Defendants go on to contend that this Court should not give any credence to Plaintiffs' claims of inconvenience since they have been litigating a wage and hour class action case in this District against these same Defendants for more than a year. Defendants further claim that litigating this case in the Southern District will be more convenient for them since they are currently litigating three separate actions in this District involving role players who worked at Camp Pendleton. They additionally argue that Plaintiffs' counsel's location in Long Beach is immaterial to the determination of convenience.

With respect to the parties' contacts with the forum, Defendants argue that at all relevant times, Workforce's California office was in Oceanside, and its scheduling manager, Mr. Giannini, worked out of that office including when he hired the Plaintiffs for the job at issue here. They further contend that the only role-playing exercises any of the Plaintiffs worked in California occurred at Camp Pendleton. Defendants assert that aside from Plaintiffs' residence in the Central District, there is no connection between the Central

---

[4] The Court notes that the Complaint also states that "Venue is proper in this judicial district and the County of Orange…"

District and Plaintiffs' claims.

Defendants state that there is no difference in the costs of litigation between the two districts. Turning to the convenience of non-party witnesses, Defendants claim they are not aware of any witnesses who reside in the Central District. They identify three specific individuals who reside in the Southern District who will serve as non-party witnesses: Mr. Giannini, Carol Giannini, Workforce's former General Manager, and Michelle Brenner, Workforce's former Human Resources Supervisor. With respect to access to evidence, Defendants claim their counsel whose office is in the Southern District has copies of relevant documents such as Plaintiffs' personnel files, and they are not aware of any evidence in the Central District.

Lastly, Defendants argue that the Court's interest in deciding localized controversies supports the case remaining in the Southern District because Plaintiffs were hired out of the Oceanside office, any role-playing performed by Plaintiffs in California took place at Camp Pendleton and the supervision of Mr. Giannini occurred in the Southern District.

**II. LEGAL STANDARDS**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 USC § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). Such a transfer of venue may be made by the court sua sponte so long as the parties are first given an opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)). Further, a district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted under § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. Courts may also consider "the administrative difficulties flowing from court congestion . . . [and] the 'local interest in having localized controversies decided at home.'" *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft*, 454 U.S. at 241 n.6). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne,* No. C08-1339CW, 2008 WL 4543043, at 2 (N.D. Cal. Oct. 10, 2008).

However, "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, *supra* at 645. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005). While courts generally afford a plaintiff's choice of forum great weight, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

As relevant here, venue is proper in a civil action in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(2). "To be proper, a forum 'need not be the best venue, only a qualifying venue.'" *Renteria v. Ramanlal*, No. CV-07-00658-PHX-ROS, 2009 WL 73675 at 5 (D. Ariz. Jan. 9, 2009).

While the negotiation and issuance of a contract in a given judicial district standing alone may not be considered "substantial" for venue purposes (*see Keybank Nat. Ass'n v. Moses Lake Indus., Inc.,* No. C09-0202-JCC, 2009 WL 1360478, at 4 [W.D. Wash. May 13, 2009]), courts have taken those facts into consideration when determining that venue was proper in a given district. For example, in *Renteria v Ramanlal*, *supra*, the court held that even though most of the significant events or omissions took place in Hawai'i, the defendants were "well aware" that they were entering into a contract with an Arizona resident and any financial injury suffered by plaintiff occurred in Arizona. Thus, the court found that it was not unfair that defendants be "haled into court there." *Id* at 6. *See also Kirkpatrick v. Rays Grp.,* 71 F. Supp. 2d 204, 213 (W.D.N.Y. 1999)(venue proper in Western District of New York where purchase order stated on its face that payment was to be made to address in that district and three letters were sent to defendant from plaintiff's address in that district).

"In analyzing whether transfer of a case would serve the convenience of the witnesses, the Court must look at who the witnesses are, the nature of what their testimony will be, and why such testimony is relevant or necessary. A defendant seeking to transfer a case must name witnesses, identify where witnesses are located, and explain the anticipated testimony and its relevance." *Flint v. UGS Corp.,* No. C07-04640 MJJ, 2007 WL 4365481, at 4 (N.D. Cal. Dec. 12, 2007)(internal citations omitted).

### III. DISCUSSION

In this case, venue would be proper in either the Central District or the Southern District because each party was located in each district at the time the Plaintiffs accepted the job offer. Thus, it could be said that "a substantial part of the events or omissions

giving rise to the claim occurred" in each district. *See* 18 U.S.C. § 1391(b). The Court must therefore determine whether a transfer to the Central District would serve the conveniences of the parties and promote the interests of justice. See 28 USC § 1404(a), *E & J Gallo Winery v. F. & P. S.p.A.*, *supra*.

The Court now applies the factors set forth in *Jones*, *supra*.

Factor 1): The location where the relevant agreements were negotiated and executed. While both parties argue that their respective specific location at the time the agreement was executed should be given more weight, it has been held that "[a] contract is 'made' in the place of acceptance" and Plaintiffs accepted Defendants' job offer while they were in the Central District. *Tech. Credit Corp. v. N.J. Christian Acad., Inc.,* 307 F. Supp. 3d 993, 1001 (N.D. Cal. 2018), *citing Farm Credit West, PCA v. Lanting,* No. 1:13-cv-00712-AWI-SMS, 2013 WL 3730391 (E.D. Cal., July 12, 2013). Moreover, the Defendants were surely aware of Plaintiffs' residence at the time they entered into the agreement and any financial injury suffered by the Plaintiffs occurred in the Central District as residents of that district. *See Renteria v Ramanlal*, *supra*, *Kirkpatrick v. Rays Grp., supra.*

However, the Plaintiffs assert in their Complaint that when the dispute over compensation arose in Virginia, the manager there contacted Mr. Giannini in Oceanside, who allegedly told the Plaintiffs there was nothing he could do and if they refused to sign the paperwork they would be terminated. The Plaintiffs refused to sign the paperwork and Defendant Workforce terminated them. In addition, Plaintiffs assert in their Complaint that they had all previously worked for Defendants on several occasions, and their expected rate of pay appears to be based in part on their past experiences being hired by the Defendants out of the Oceanside office to perform missions at Camp Pendleton. As such, Plaintiffs' testimony concerning their past experiences working for Defendants in the Southern District will be relevant at trial.

Factor 2): The state that is most familiar with the governing law. This factor is inapplicable since the two districts at issue are both in California, some 90 miles apart (between the Southern District and the Central District, Southern Division in Santa Ana).

However, each district has its own local rules.

Factor 3): The plaintiff's choice of forum. In this case, the Court is presented with a unique situation in that the Plaintiffs originally filed in the Superior Court in this district – albeit based on an erroneous assumption that Defendants still maintained an office in the district – but later changed their position in support of transfer after the Notice of Removal and Answer were filed demonstrating that both Defendants are citizens of Alaska and the Court issued its Order to Show Cause. As stated above, neither Defendant had a presence in the Southern District at the time of commencement.

California Civil Procedure Code § 395(a) provides that "the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action." *See also Cubic Corp. v. Superior Court*, 186 Cal. App. 3d 622 (Ct. App. 1986)(venue as to entire proceeding alleging wrongful termination, breach of contract, intentional infliction of emotional distress and conspiracy was governed by Cal. Civ. Pro. Code § 395 and venue was proper in any county where any one of the individual defendants resided). Thus, if Defendants were still located in San Diego County at the time of commencement, venue would have been proper in the Superior Court in San Diego County and not in Orange County. However, Defendants were not residents of San Diego County at the time of commencement. Moreover, the Central District is not the most convenient venue for the reasons set forth herein.

Factor (4): The respective parties' contacts with the forum. As stated above, when Defendants hired Plaintiffs, they knew that Plaintiffs were residents of the Central District and any financial harm would be experienced by the Plaintiffs in that district. Likewise, Plaintiffs knew that Defendants were in the Southern District at the time they were hired and mistakenly assumed Defendants were still located here when they initially filed this case. Additionally, all of Plaintiffs' contacts with the Defendants prior to their termination were with the Oceanside office in this district. The Workforce personnel that Defendants plan to call as witnesses all worked out of the Oceanside office and reside in the Southern District. The Defendants have not had any contacts with the Central District except for

hiring the Plaintiffs, residents of that district.

Factor (5): The contacts relating to the plaintiff's cause of action in the chosen forum. To the extent that the Central District is now Plaintiffs' choice of forum, as previously stated Plaintiffs are residents of the Central District, were present there when they accepted the job offer from Defendants, and any financial harm they suffered took place in the Central District. However, the Plaintiffs initially chose this forum and pleaded in their Complaint that "the obligations and liability arose in the County of San Diego." Other than the Plaintiffs' residence, there are no other contacts relating to the Plaintiffs' cause of action in the Central District.

Factor (6): The differences in the costs of litigation in the two forums. Defendants concede there is no difference in cost to litigate between the two forums. Plaintiffs contend that their costs will be higher to travel to this district for settlement conferences and trial, even though they are already litigating other cases here. Since those cases are not consolidated with this one, it is true that they would incur additional expense to travel here for this matter. However, the Court finds that the inconvenience to witnesses in conjunction with the balancing of other factors set forth herein outweigh the increased costs to Plaintiffs.

Factor (7): The availability of compulsory process to compel attendance of unwilling non-party witnesses. The Defendants have identified three specific witnesses who reside in the Southern District who they plan to call at trial. These witnesses were all employees of Workforce's Oceanside office and their testimony will relate to their knowledge of the relevant facts surrounding Plaintiffs' hiring, compensation and separation from employment. Plaintiffs assert that in addition to the three of them, they will call two or three non-party witnesses who reside in the Central District. However, Plaintiffs fail to provide the names of these non-party witnesses or what their anticipated testimony will be. As stated above, the Plaintiffs "must name witnesses, identify where witnesses are located, and explain the anticipated testimony and its relevance." *Flint v. UGS Corp., supra* at 4.

Factor (8): The ease of access to sources of proof. Defendants claim that pertinent

evidence is located at their counsel's office in this district, such as personnel files and documents pertaining to Plaintiffs' separation from employment. Plaintiffs claim that their documents and witnesses are in the Central District, but they fail to identify what type of documents and the identity of their non-party witnesses.

After balancing the above factors, the Court finds that while the Central District of California would be a proper venue, it would not be a more convenient venue than the Southern District. *See Van Dusen v. Barrack*, *supra*. Convenience to the witnesses is often recognized as the most important factor in ruling on a change of venue (*see Saleh v. Titan Corp.*, *supra*) and the Defendants have named three specific non-party witnesses who reside in this district and will provide relevant testimony. In contrast, the Plaintiffs have failed to provide the names of their purported non-party witnesses or any other information about their anticipated testimony. *See Flint v. UGS Corp., supra.*

Thus, the balance of factors does not weigh in favor of transfer. The Court finds in the interests of justice and in its discretion that the Southern District of California is the more appropriate and convenient venue for this matter.

## IV. CONCLUSION

For the reasons discussed above, the Court declines to transfer this case to the Central District of California. The Court will schedule an Early Neutral Evaluation and Case Management Conference by separate order.

**IT IS SO ORDERED.**

Dated: April 16, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge

11

19-cv-00019-L-BGS